UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| IRVIN BRODIE, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 12-CV-10-KSF |
| ) | |
| V. ) | |
| ) | |
| J. C. HOLLAND, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Irvin Brodie is an inmate currently confined in the Federal Correctional Institution in Manchester, Kentucky. Proceeding without counsel, Brodie has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 [R. 1] and has paid the $5.00 filing fee. Brodie's petition concerns his conviction of a disciplinary offense for possessing a cell phone while he was an inmate at the Federal Correctional Institution in Fort Dix, New Jersey. Brodie contends that his conviction violated his due process rights because there was insufficient evidence to support the charge, and seeks a court order expunging his disciplinary conviction and reversing the sanctions imposed.

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to Section 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). The Court has reviewed the record, and concludes that Brodie's conviction was supported by "some evidence." The Court will therefore deny his petition for the reasons set forth more fully below.

On February 27, 2011, while Brodie was an inmate at FCI-Fort Dix, two correctional officers entered his cell, informed him that he had been under investigation, and accused him of being in possession of a cell phone. When they asked him to surrender the cell phone to them, Brodie denied having one. When the officers pat-searched Brodie, a scuffle ensued, and Brodie was taken to disciplinary segregation. Afterwards, his property was confiscated, inventoried, and searched by officer Listani, who reported that he found a cell phone in Brodie's institutional jacket. As a result, Brodie was charged with violating Code 108, Possession of a Hazardous Tool. [R. 1-1, pp. 2-3]

A Disciplinary Hearing Officer ("DHO") held a hearing on the charge on April 6, 2011. The DHO issued his report on April 26, 2011, finding Brodie guilty of the charged offense:

> This decision is based on the evidence provided before me which is documented in the written report provided by the reporting employee. The employee documented, "On 02/27/2011 at approximately 8:30 PM, I was inventorying inmate Brodie's property. I started by separating inmates [sic] Brodie's institutional property from his personal property. I picked up his orange institutional jacket and while going through it, I found a black Sprint Blackberry Curve cell phone. Operations Lieutenant was notified and the contraband was later transported by a compound officer to the Lieutenant's Office."
>
> The DHO took into consideration your statement before the Unit Discipline Committee, specifically, "The jacket was not mine." This is refuted by the memorandum from Officer Lindley, specifically, "On Sunday, 2/27/2011 at approximately 3:20 p.m., I responded to a body alarm in 5802 room 3-401U. IM Brodie #01832-094 and two staff members were at his bedside. IM Brodie was removed from the room and I immediately placed the IM's property in bags and

2

> secured them in the officer's station. SIS was to conduct a more thorough search of the property, and an inventory was to be done. The IM's locker was opened when I began to empty the locker. There was property on the bed, under the bed, and on the floor." Your property was immediately secured after the last incident and you area [sic] responsible to keep your area contraband free.
>
> Also considered were the photos, along with the supporting memorandum. The DHO finds these to corroborate the incident report.

[R. 1-2, p. 3] The DHO ordered Brodie to spend 30 days in disciplinary segregation; disallowed 40 days of his good conduct time; forfeited 100 days of non-vested good conduct time; and revoked phone and TRULINCS privileges for 18 months. [R. 1-2, p. 4]

Brodie appealed the DHO's finding, claiming that because his property was in an open area accessible by other inmates and no one had seen him place the cell phone in the jacket, there was insufficient evidence to convict him of possessing it. [R. 5-2, pp. 4, 5] At both the regional and national levels, the BOP found sufficient evidence to support the charge, noting that Brodie's personal property had been collected and inventoried, and the cell phone found in his jacket. [R. 5-2, pp. 3, 6]

When a prison disciplinary board takes action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner. Specifically, the prisoner is entitled to advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the board's findings used as a basis to revoke good time credits must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). To determine whether a DHO's decision is supported by "some evidence," the Court does not conduct an independent review of the evidence

3

or assess the credibility of witnesses, it asks only "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *see also Sarmineto v. Hemingway*, 93 F. App'x 65, 68 (6th Cir. 2004) (credibility determinations of hearing officers cannot be disturbed on appeal).

The record in this case demonstrates that the evidence relied upon by the DHO was sufficient to satisfy due process concerns. The DHO noted that after Brodie's altercation with officers, his personal property was secured and then inventoried, at which time a cell phone was found in his institutional jacket. [R. 1-2, p. 3]  While Brodie disavows possession of the cell phone, there was ample evidence in the record for the DHO to conclude otherwise. *Bachelder v. Patton*, No. 06-cv-148-HRW, 2007 WL 108415(E.D. Ky. Jan. 12, 2007) ("the law is clear that a DHO need not accept what the inmate perceives to be the 'best evidence' or the most convincing or persuasive set of facts . . . there need only be 'some evidence' to support disciplinary decision.")

Accordingly, **IT IS ORDERED** that:

1. Brodie's petition for writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This September 21, 2012.



**Signed By:**
*Karl S. Forester*  KSF
**United States Senior Judge**